IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
RECEIVED EASTERN DIVISION

JANET B. ROBINSON,     2017 JUN 30  A II: 18

      Plaintiff,     DEBRA P. HACKETT, CLK     **CASE NO. 3:17-cv-417**

v.     U.S. DISTRICT COURT
MIDDLE DISTRICT ALA     **JURY TRIAL REQUESTED**

TUSKEGEE UNIVERSITY,

      Defendant.

## COMPLAINT

**COMES NOW** the Plaintiff, Janet B. Robinson, by and through her undersigned counsel of record, and hereby doth complain against the above-named Defendant, as set forth herein-below.

### I. JURISDICTION & VENUE

1. Plaintiff Robinson files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the 1991 Civil Rights Act, 42 U.S.C. § 1981(a); and 42 U.S.C. § 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the Plaintiff, due to the Defendant's discrimination against Plaintiff.

2. Plaintiff Robinson filed a charge of sex discrimination with the EEOC in Birmingham, Alabama on October 12, 2016. Plaintiff received a right-to-sue on April 2, 2017, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit A).

1

3.     Venue is proper in the Eastern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Macon County, Alabama.

## II. PARTIES

4.     The named Plaintiff, Janet B. Robinson (hereinafter "Plaintiff" or "Ms. Robinson"), is a citizen of the United States and a resident of Lee County, Alabama. Plaintiff is over the age of nineteen years.

5.     The Defendant, Tuskegee University (hereinafter "Defendant" or "Tuskegee"), is a state university located in Macon County, Alabama.  At all times relevant to this complaint, Plaintiff was employed, and continues to be employed, by Defendant.

## III. STATEMENT OF FACTS

6.     Ms. Robinson is a fifty-year-old female.  Ms. Robinson was hired by Tuskegee as Administrative Assistant to the Provost in the year 2006.

7.     During her employment at Tuskegee, Ms. Robinson performed her job on a satisfactory level and did not have any written performance, attendance or conduct issues during her employment.

8.     In 2014, Dr. Cesar D. Fermin, a Hispanic male, was hired as Provost and Vice President for Academic Affairs and Professor of Biology at Tuskegee.    As Administrative Assistant to the Provost, Ms. Robinson worked under Dr. Fermin.

9.     In or around January 2016, Dr. Fermin began subjecting Ms. Robinson and Mrs. Christine Bradshaw, an African-American female, to a sexually charged hostile work environment.

10.     Dr. Fermin often told sexually suggestive jokes in front of Ms. Robinson and stated that he watched porn in his office. This made Ms. Robinson extremely uncomfortable.

11.     Ms. Robinson reported Dr. Fermin's behavior to Dr. Shantay Bolton, Vice President of Human Resources at Tuskegee. Dr. Bolton later held a meeting with the Provost Office staff, including Dr. Fermin, Dr. Floyd-Smith, Mrs. Bradshaw, and Ms. Robinson.

12.     Dr. Bolton assured Ms. Robinson that her work environment would improve. However, the situation did not improve and Ms. Robinson continued to be subjected to a sexually charged hostile work environment.

13.     In May 2016, Ms. Robinson submitted a second written complaint to Dr. Bolton's office. Ms. Robinson avers that she never received any notification, follow-up, or documentation related to the investigation or outcome of either complaint she submitted.

14.     On or about August 31, 2016, Dr. Fermin informed Ms. Robinson that her position was being eliminated on September 30, 2016, due to a reduction in force (RIF). As a result, Ms. Robinson's employment with Tuskegee ended on September 30, 2016.

15.     Ms. Robinson avers that she had ten (10) years seniority in the department over Mrs. Bradshaw, and Mrs. Bradshaw was not affected by the RIF, and remained employed by Tuskegee.

16.     Ms. Robinson avers that Tuskegee was aware of Dr. Fermin's behavior, and the sexually charged work environment in which she was subjected, but condoned

3

his behavior because it failed and/or neglected to take proper steps to remedy the issue.

17.    Ms. Robinson avers that Tuskegee's decision to RIF her employment is pretextual, and that the actual reason to RIF her employment was in retaliation for reporting Dr. Fermin and the environment to which she was subjected.

18.    Tuskegee actions subjected Ms. Robinson to illegal sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

19.    As a result of these unlawful acts, Ms. Robinson has lost income, suffered mental anguish, and has incurred attorney's fees.

## IV.  PLAINTIFF'S  FIRST CAUSE OF ACTION
## SEX DISCRIMINATION

20.    Plaintiff Robinson repeats, realleges and incorporates by reference paragraphs 1 through 19 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her violated her right to be free of sex discrimination in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000(e), et seq.).

21.    As a proximate cause of Defendant's afore-described actions in discriminating against Plaintiff, due to her female sex, Plaintiff was injured and damaged, as set forth in paragraphs 1 through 19 above.  In addition, Plaintiff has suffered considerable mental and emotional anguish.

22.    Plaintiff avers that's she pursued and exhausted her administrative remedies.

4

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Robinson respectfully prays that this Court grant the following relief:

a) Judgment declaring that the Defendant discriminated against Plaintiff, on the basis of Plaintiff's sex;

b) An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of sex discrimination, effective from the date of final judgment;

c) An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

d) An award of punitive damages, due to the egregious nature of the sex discrimination practiced against Plaintiff so openly tolerated, ratified and acquiesced in by the Defendant;

e) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## V. PLAINTIFF'S SECOND CAUSE OF ACTION

## RETALIATON DISCRIMINATION

23. Plaintiff Robinson repeats, realleges and incorporates by reference paragraphs 1 through 19 above, the same as if more fully set forth herein, and further avers that the Defendant's actions toward her, including the unlawful retaliation against

her, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, (42 U.S.C. §2000e, et seq.), as amended by the 1991 Civil Rights Act.

24.   As a proximate cause of Defendant's afore-described actions of unlawful retaliation against Plaintiff, the Plaintiff was injured and damaged, as set forth in paragraphs 1 through 19 above.  In addition, Plaintiff has suffered considerable mental and emotional anguish.

25.   Plaintiff avers that he has pursued and exhausted her administrative remedies.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Robinson respectfully prays that this Court grant the following relief:

a)   A declaratory judgment declaring that the Defendant has unlawfully retaliated against the Plaintiff;

b)   An award of compensatory damages, including for mental anguish, to which the Plaintiff may be entitled;

c)   An award of punitive damages, due to the egregious nature of Defendant's wrongdoing.

d)   An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e)    Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted this 30th day of June, 2017.

Janet Robinson, Plaintiff

6

Julian McPhillips (ASB-3744-L74J)
Counsel for Plaintiff

Chase Estes (ASB-1089-F44L)
Counsel for Plaintiff

**OF COUNSEL:**
**MCPHILLIPS SHINBAUM, L.L.P.**
516 South Perry Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321      FAX
julianmcphillips@msg-lawfirm.com
cestes@msg-lawfirm.com

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

OF COUNSEL